Elkin MONTOYA–VALLEJO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–5511–ag.

United States Court of Appeals,
Second Circuit.

Sept. 6, 2006.

We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

▌ The BIA asserted that Montoya did not file his asylum application within a reasonable period after his visa expired and found no basis for disturbing the IJ's decision below. Because Montoya fails to challenge this determination in his brief to the Court, any challenge to this finding is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

▌ Substantial evidence does not support the BIA's and IJ's determinations that Montoya did not establish the required nexus between a statutorily protected ground and the guerrillas' threats for purposes of his withholding of removal claim. The IJ's finding that there was no evidence to show that Montoya was considered a "military target" or that he was targeted because he requested the Colombian army to remove the ELN from his farm, was based on a misapprehension of the record. Montoya specifically testified that during the first threatening phone call he received from the ELN, he was told that "because [he] ha[d] sent the army to them the men in FARC ha[d] declared [him] a military target and they were going to kill h[im] and [his] family."[1]

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Kevin J. O'Connor, United States Attorney, District of Connecticut; Karen L. Peck, Sandra S. Glover, Assistant United States Attorneys, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Elkin Montoya–Vallejo, a native and citizen of Colombia, seeks review of a September 19, 2005 order of the BIA affirming the July 8, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Elkin Montoya–Vallejo,* No. A 78 396 275 (B.I.A. Sept. 19, 2005), *aff'g* No. A 78 396 275 (Immig. Ct. N.Y. City July 8, 2004).

1. "FARC" is the abbreviation for the Revolutionary Armed Forces of Colombia, another

Because the IJ did not express any reservations about Montoya's credibility, his testimony is deemed credible. Furthermore, although the IJ correctly indicated that Montoya's son-in-law's police report about the threatening phone calls stated that the ELN mentioned a purported debt owed by Montoya, the son-in-law also clearly stated that the ELN "were simply declaring them military targets." Similarly, statements from the mayor and civil community representative of the municipality of Caldas assert that Montoya's family has been "subject to continued intimidation by illegal ruthless groups" and threatened by being declared a "military objective." The IJ's finding suggests that he failed to consider this probative evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir. 2006). If the IJ did in fact, review these statements, but found them to be inadequate to verify that Montoya was a military target, he was required to identify the specific pieces of missing, relevant documentation, and show that it was reasonably available. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Under these circumstances, it was error for the IJ to neglect to consider that the ELN had imputed the political opinion of the Colombian army to Montoya, because Montoya had requested its assistance in removing the ELN from his land. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir.2005) (finding that the IJ erred in failing to analyze whether the Chinese authorities would have perceived petitioner as a supporter of the Falun Gong movement because he sold Falun Gong books, and whether such evidence supported peti-

tioner's theory of imputed political opinion).[2]

██ The record additionally does not support the IJ's finding that Montoya's fear of persecution is unreasonable because he did not show that the ELN has the ability to follow him throughout Colombia in an effort to harm him. The IJ based this finding on his observation that Montoya moved to a "different zone of Medellin" for a few months and did not have any problems, and that his daughter and son continue to live in Colombia and have not had any problems. On the contrary, Montoya testified that his residence was located in Medellin in the municipality of La Estrella, and that after he received a second threatening phone call from the ELN at his home, he moved to the municipality of Caldas. While Montoya did not allege he had experienced any "problems" during the three month period that he lived in Caldas, his son-in-law, who lived with Montoya's daughter in Caldas, received calls threatening the Montoya family after their departure to the U.S., as discussed above. These contacts with Montoya's family in two different municipalities, beyond the contact with Montoya at his farm, and the ELN's calls to his son-in-law, support his belief that he was not safe in Colombia. In addition, although the IJ correctly noted that the State Department Report indicates that there were 3,500 soldiers or members of the ELN at the time, he failed to observe that the report also indicates there were 13,500 members of FARC, and that the two terrorist organizations had decided to work together strategically, a fact borne out by

terrorist organization. The State Department indicates that the FARC and ELN terrorists announced in 2003 that they would work together strategically.

2. Montoya's contention that the Colombian government is unable to control the ELN is undisputed. Furthermore, the fact that Montoya continued to experience problems with the ELN after he had received military assistance, is evidence to this effect.

the threats petitioner testified he received. In light of the flaws in the BIA's and IJ's decision, we remand this case, because it cannot be stated with confidence that the same result would be reached upon remand. *See Xiao Ji Chen,* 434 F.3d at 161; *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

▌ Finally, because neither the BIA nor IJ properly analyzed whether the ELN acted with the "acquiescence" of the Colombian government, this case must also be remanded for reevaluation of the CAT claim. The agency's decision hinged on *Matter of S–V–,* 22 I. & N. Dec. 1306, 2000 WL 562836 (BIA 2000), the holding of which was subsequently rejected in *Khouzam v. Ashcroft,* 361 F.3d 161 (2d Cir.2004).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).